**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KAY HARRISON SMITH,** | : | **CASE NO. 1:08cv00060** |
| | : | **(J. Barrett)** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **HAMILTON COUNTY PARK DISTRICT** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ANSWER OF DEFENDANTS, HAMILTON COUNTY PARK
DISTRICT, BOARD OF PARK COMMISSIONERS OF THE HAMILTON
COUNTY PARK DISTRICT, STEVE NEWSOM, CHIEF, HAMILTON COUNTY PARK
DISTRICT POLICE, RICHARD SPRECKELMEIER, CAPTAIN,
HAMILTON COUNTY PARK DISTRICT POLICE, JACK SUTTON,
DIRECTOR, HAMILTON COUNTY PARK DISTRICT, NANCY
MONTAGUE, ADMINISTRATIVE DIRECTOR, HAMILTON COUNTY
PARK DISTRICT, AND GARY HOFFMAN, FORMER CAPTAIN
HAMILTON COUNTY PARK DISTRICT POLICE, TO
PLAINTIFF'S COMPLAINT**

Come now defendants, Hamilton County Park District, Board of Park

Commissioners of the Hamilton County Park District, Steve Newsom, Chief, Hamilton

County Park District Police, Richard Spreckelmeier, Captain, Hamilton County Park

District Police, Jack Sutton, Director, Hamilton County Park District, Nancy Montague,

Administration Director, Hamilton County Park District, and Gary Hoffman, former

Captain, Hamilton County Park District Police, and for their Answer to the Complaint of

plaintiff filed herein, state as follows:

**FIRST DEFENSE**

**I.  RESPONSE TO INTRODUCTION**

These defendants admit that plaintiff is Caucasian and a female.  These

defendants further admit that plaintiff was a ranger with the Hamilton County Park

District.  These defendants deny the remaining allegations in the introductory paragraph of plaintiff's Complaint.

1.      These defendants admit plaintiff is a Caucasian female over the age of 40 and deny the remaining allegations in paragraph 1 of plaintiff's Complaint.

2.      These defendants admit Hamilton County is a political subdivision and employer and deny the remaining allegations in paragraph 2 of plaintiff's Complaint.

3.      These defendants admit the Hamilton County Park District is a political subdivision and an employer and deny the remaining allegations in paragraph 3 of plaintiff's Complaint.

4.      These defendants deny the allegations in paragraph 4 of plaintiff's Complaint for want of knowledge.

5.      These defendants admit Steve Newsom is the Chief of the Hamilton County Park District Rangers and deny the remaining allegations in paragraph 5 of plaintiff's Complaint.

6.      These defendants admit Richard Spreckelmeier is a captain with the Hamilton County Park District Rangers and deny the remaining allegations in paragraph 6 of plaintiff's Complaint.

7.      These defendants admit Jack Sutton is the director of the Hamilton County Park District and deny the remaining allegations in paragraph 7 of plaintiff's Complaint.

8.      These defendants admit that Nancy Montague was the administration director of the Hamilton County Park District and deny the remaining allegations in paragraph 8 of plaintiff's Complaint.

9.      These defendant admit that Gary Hoffman was a captain in the Hamilton County Park District Rangers which is a law enforcement agency in Hamilton County, Ohio, and deny the remaining allegations in paragraph 9 of plaintiff's Complaint.

10.      These defendants deny the allegations in paragraph 10 of plaintiff's Complaint.

11.      These defendants deny the allegations in paragraph 11 of plaintiff's Complaint.

12.      These defendants deny the allegations in paragraph 12 of plaintiff's Complaint.

13.      These defendants deny the allegations in paragraph 13 of plaintiff's Complaint.

14.      These defendants admit that plaintiff is a female who was a lieutenant with the Hamilton County Park District Rangers.  These defendants further admit plaintiff is over 40.  These defendants deny the remaining allegations in paragraph 14 of plaintiff's Complaint.

15.      These defendants deny the allegations in paragraph 15 of plaintiff's Complaint.

16.      These defendants deny the allegations in paragraph 16 of plaintiff's Complaint.

17.      These defendants deny the allegations in paragraph 17 of plaintiff's Complaint.

18.      These defendants deny the allegations in paragraph 18 of plaintiff's Complaint.

19.     These defendants deny the allegations in paragraph 19 of plaintiff's Complaint.

20.     These defendants deny the allegations in paragraph 20 of plaintiff's Complaint.

21.     These defendants deny the allegations in paragraph 21 of plaintiff's Complaint.

22.     These defendants deny the allegations in paragraph 22 of plaintiff's Complaint.

23.     These defendants deny the allegations in paragraph 23 of plaintiff's Complaint.

24.     These defendants deny the allegations in paragraph 24 of plaintiff's Complaint.

25.     These defendants deny the allegations in paragraph 25 of plaintiff's Complaint.

26.     These defendants deny the allegations in paragraph 26 of plaintiff's Complaint.

27.     These defendants deny the allegations in paragraph 27 of plaintiff's Complaint.

28.     These defendants admit that defendant Spreckelmeier was promoted to assistant chief.

29.     These defendants deny the allegations in paragraph 29 of plaintiff's Complaint for want of knowledge.

30.     These defendants deny the allegations in paragraph 30 of plaintiff's Complaint.

31.     These defendants deny the allegations in paragraph 31 of plaintiff's Complaint.

32.     These defendants admit that plaintiff was evaluated and deny the remaining allegations in paragraph 32 of plaintiff's Complaint.

33.     These defendants deny the allegations in paragraph 33 of plaintiff's Complaint.

34.     These defendants deny the allegations in paragraph 34 of plaintiff's Complaint.

35.     These defendants deny the allegations in paragraph 35 of plaintiff's Complaint.

36.     These defendants deny the allegations in paragraph 36 of plaintiff's Complaint.

37.     These defendants deny the allegations in paragraph 37 of plaintiff's Complaint for want of knowledge.

38.     These defendants deny the allegations in paragraph 38 of plaintiff's Complaint.

39.     These defendants admit an email was sent out by defendant Montague. These defendants state that the information provided by people who responded speaks for itself and therefore deny the remaining allegations in paragraph 39 of plaintiff's Complaint.

40.     These defendants deny the allegations in paragraph 40 of plaintiff's Complaint for want of knowledge.

41.    These defendants deny the allegations in paragraph 41 of plaintiff's Complaint.

42.    These defendants state that any email speaks for itself and therefore deny the allegations in paragraph 42 of plaintiff's Complaint.

43.    These defendants deny the allegations in paragraph 43 of plaintiff's Complaint.

44.    These defendants admit plaintiff was demoted from lieutenant to ranger and given a 5 day suspension.  These defendants deny the remaining allegations in paragraph 44 of plaintiff's Complaint.

45.    These defendants deny the allegations in paragraph 45 of plaintiff's Complaint.

46.    These defendants admit plaintiff filed a grievance and deny the remaining allegations in paragraph 46 of plaintiff's Complaint for want of knowledge.

47.    These defendants deny the allegations in paragraph 47 of plaintiff's Complaint.

48.    These defendants deny the allegations in paragraph 48 of plaintiff's Complaint.

49.    These defendants deny the allegations in paragraph 49 of plaintiff's Complaint for want of knowledge.

50.    These defendants deny the allegations in paragraph 50 of plaintiff's Complaint.

51.    These defendants deny the allegations in paragraph 51 of plaintiff's Complaint.

52.     These defendants admit a workplace resolution was held on May 22, 2006, and that the demotion and suspension was upheld.  These defendants deny the remaining allegations in paragraph 52 of plaintiff's Complaint.

53.     These defendants deny the allegations in paragraph 53 of plaintiff's Complaint.

54.     These defendants deny the allegations in paragraph 54 of plaintiff's Complaint for want of knowledge.

55.     These defendants deny the allegations in paragraph 55 of plaintiff's Complaint.

56.     These defendants deny the allegations in paragraph 56 of plaintiff's Complaint.

57.     These defendants state that the policies and procedures of the Hamilton County Park District speak for themselves and therefore deny the allegations in paragraph 57 of plaintiff's Complaint.

58.     These defendants deny the allegations in paragraph 58 of plaintiff's Complaint.

59.     These defendants deny the allegations in paragraph 59 of plaintiff's Complaint.

60.     These defendants state that the letters speak for themselves and therefore deny the allegations in paragraph 60 of plaintiff's Complaint.

61.     These defendants admit that Dr. Cobb sent a report to the Park District and state that the report speaks for itself.  These defendants deny the remaining allegations in paragraph 61 of plaintiff's Complaint.

62.     These defendants admit that defendant Sutton upheld the discipline and deny the remaining allegations in paragraph 62 of plaintiff's Complaint.

63.     These defendants deny the allegations in paragraph 63 of plaintiff's Complaint.

64.     These defendants deny the allegations in paragraph 64 of plaintiff's Complaint.

65.     These defendants admit that plaintiff was assigned to Woodland Mound Park in Anderson Township and deny the remaining allegations in paragraph 65 of plaintiff's Complaint.

66.     These defendants state plaintiff was offered new body armor and deny the remaining allegations in paragraph 66 of plaintiff's Complaint.

67.     These defendants deny the allegations in paragraph 67 of plaintiff's Complaint.

68.     These defendants deny the allegations in paragraph 68 of plaintiff's Complaint.

69.     These defendants deny the allegations in paragraph 69 of plaintiff's Complaint.

70.     These defendants deny the allegations in paragraph 70 of plaintiff's Complaint.

71.     These defendants deny the allegations in paragraph 71 of plaintiff's Complaint.

72.     These defendants deny the allegations in paragraph 72 of plaintiff's Complaint.

73.     These defendants deny the allegations in paragraph 73 of plaintiff's Complaint.

74.     These defendants deny the allegations in paragraph 74 of plaintiff's Complaint.

75.     These defendants deny the allegations in paragraph 75 of plaintiff's Complaint.

76.     These defendants deny the allegations in paragraph 76 of plaintiff's Complaint.

77.     These defendants admit that plaintiff saw Dr. Daum for an evaluation and state that Dr. Daum issued a report which sets forth his findings, the interview and testing which was performed.  These defendants deny the remaining allegations in paragraph 77 of plaintiff's Complaint.

78.     These defendants admit that Chief Newsom gave plaintiff a copy of her Psychological Fitness for Duty Evaluation.  These defendants state the document speaks for itself and therefore deny the remaining allegations in paragraph 78 of plaintiff's Complaint.

79.     These defendants state the emails speak for themselves and therefore deny the allegations in paragraph 79 of plaintiff's Complaint.

80.     These defendants state that plaintiff's request for a Level 5 hearing speaks for itself and therefore deny the allegations in paragraph 80 of plaintiff's Complaint.

81.     These defendants deny the allegations in paragraph 81 of plaintiff's Complaint.

82.     These defendants admit plaintiff had a Level 5 Workplace Resolution Hearing on or about November 28, 2006, and deny the remaining allegations in paragraph 82 of plaintiff's Complaint.

83.     These defendants deny the allegations in paragraph 83 of plaintiff's Complaint for want of knowledge.

84.     These defendants admit plaintiff requested a Level 6 Workplace Resolution Hearing and deny the remaining allegations in paragraph 84 of plaintiff's Complaint.

85.     These defendants admit plaintiff had a  Level 6 Workplace Resolution Hearing and deny the remaining allegations in paragraph 85 of plaintiff's Complaint.

86.     These defendants state that plaintiff sought a second opinion at her own expense and deny the remaining allegations in paragraph 86 of plaintiff's Complaint.

87.     These defendants deny the allegations in paragraph 87 of plaintiff's Complaint.

88.     These defendants state that plaintiff was sent a letter containing the determination of the Level 6 hearing.  These defendant state the letter speaks for itself and therefore deny the allegations in paragraph 88 of plaintiff's Complaint.

89.     These defendants state Nancy Montague sent a letter to plaintiff.  These defendants state the letter speaks for itself and therefore deny the allegations in paragraph 89 of plaintiff's' Complaint.

90.     These defendants deny the allegations in paragraph 90 of plaintiff's Complaint.

91.     These defendants deny the allegations in paragraph 91 of plaintiff's Complaint.

92.     These defendants admit Dr. Manges issued his evaluation in August, 2007.  These defendants state that plaintiff refused to permit the Park District to review that evaluation and therefore deny the remaining allegations in paragraph 92 of plaintiff's Complaint.

93.     These defendants deny the allegations in paragraph 93 of plaintiff's Complaint.

94.     These defendants deny the allegations in paragraph 94 of plaintiff's Complaint.

95.     These defendants deny the allegations in paragraph 95 of plaintiff's Complaint.

96.     These defendants deny the allegations in paragraph 96 of plaintiff's Complaint.

97.     These defendants deny the allegations in paragraph 97 of plaintiff's Complaint.

98.     These defendants deny the allegations in paragraph 98 of plaintiff's Complaint.

99.     These defendants deny the allegations in paragraph 99 of plaintiff's Complaint.

100.    These defendants deny the allegations in paragraph 100 of plaintiff's Complaint.

101.    These defendants deny the allegations in paragraph 101 of plaintiff's Complaint.

102.    These defendants deny the allegations in paragraph 102 of plaintiff's Complaint.

103.    These defendants deny the allegations in paragraph 103 of plaintiff's Complaint.

104.    These defendants deny the allegations in paragraph 104 of plaintiff's Complaint.

105.    These defendants deny the allegations in paragraph 105 of plaintiff's Complaint.

106.    These defendants deny the allegations in paragraph 106 of plaintiff's Complaint.

107.    These defendants deny the allegations in paragraph 107 of plaintiff's Complaint.

108.    These defendants deny the allegations in paragraph 108 of plaintiff's Complaint.

109.    These defendants deny the allegations in paragraph 109 of plaintiff's Complaint.

110.    These defendants admit plaintiff filed a Charge of Discrimination on or about May 16, 2006.  These defendants state the charge speaks itself and therefore deny the remaining allegations in paragraph 110 of plaintiff's Complaint.

111.    These defendants admit the OCRC issued a determination on or about December 14, 2006.  These defendants state the determination speaks for itself and therefore deny the remaining allegations in paragraph 111 of plaintiff's Complaint.

112.    These defendants admit plaintiff filed a charge of discrimination on December 19, 2006, and deny the remaining allegations in paragraph 112 of plaintiff's Complaint.

113.    These defendants admit the OCRC issued a determination on September 13, 2007.  These defendants state the determination speaks for itself and therefore deny the remaining allegations in paragraph 113 of plaintiff's Complaint.

## Answer to Count I

114.    These defendants incorporate herein by reference their responses to paragraphs 1 through 113 of the Complaint as if fully rewritten.

115.    These defendants deny the allegations in paragraph 115 of plaintiff's Complaint.

116.    These defendants deny the allegations in paragraph 116 of plaintiff's Complaint.

117.    These defendants deny the allegations in paragraph 117 of plaintiff's Complaint.

118.    These defendants deny the allegations in paragraph 118 of plaintiff's Complaint.

119.    These defendants deny the allegations in paragraph 119 of plaintiff's Complaint.

120.    These defendants deny the allegations in paragraph 120 of plaintiff's Complaint.

121.    These defendants deny the allegations in paragraph 121 of plaintiff's Complaint.

122.    These defendants deny the allegations in paragraph 122 of plaintiff's Complaint.

123.    These defendants deny the allegations in paragraph 123 of plaintiff's Complaint.

## Answer to Count III

### (Note: There is no Count II)

124.    These defendants incorporate herein by reference their responses to paragraphs 1 through 123 of the Complaint as if fully rewritten.

125.    These defendants deny the allegations in paragraph 125 of plaintiff's Complaint.

126.    These defendants deny the allegations in paragraph 126 of plaintiff's Complaint.

127.    These defendants deny the allegations in paragraph 127 of plaintiff's Complaint.

128.    These defendants deny the allegations in paragraph 128 of plaintiff's Complaint.

## Answer to Count IV

129.    These defendants incorporate herein by reference their responses to paragraphs 1 through 128 of the Complaint as if fully rewritten.

130.    These defendants deny the allegations in paragraph 130 of plaintiff's Complaint.

131.    These defendants deny the allegations in paragraph 131 of plaintiff's Complaint.

132.    These defendants deny the allegations in paragraph 132 of plaintiff's Complaint.

133.    These defendants deny the allegations in paragraph 133 of plaintiff's Complaint.

## Answer to Count V

134.    These defendants incorporate herein by reference their responses to paragraphs 1 through 133 of the Complaint as if fully rewritten.

135.    These defendants deny the allegations in paragraph 135 of plaintiff's Complaint.

136.    These defendants deny the allegations in paragraph 136 of plaintiff's Complaint.

137.    These defendants deny the allegations in paragraph 137 of plaintiff's Complaint.

138.    These defendants deny the allegations in paragraph 138 of plaintiff's Complaint.

## Answer to Count VI

139.    These defendants incorporate herein by reference their responses to paragraphs 1 through 138 of the Complaint as if fully rewritten.

140.    These defendants deny the allegations in paragraph 140 of plaintiff's Complaint.

141.    These defendants deny the allegations in paragraph 141 of plaintiff's Complaint.

142.    These defendants deny the allegations in paragraph 142 of plaintiff's Complaint.

143.    These defendants deny the allegations in paragraph 143 of plaintiff's Complaint.

## Answer to Count VII

144.    These defendants incorporate herein by reference their responses to paragraphs 1 through 143 of the Complaint as if fully rewritten.

145.    These defendants deny the allegations in paragraph 145 of plaintiff's Complaint.

146.    These defendants deny the allegations in paragraph 146 of plaintiff's Complaint.

147.    These defendants deny the allegations in paragraph 147 of plaintiff's Complaint.

## Answer to Count VIII

148.    These defendants incorporate herein by reference their responses to paragraphs 1 through 147 of the Complaint as if fully rewritten.

149.    These defendants deny the allegations in paragraph 149 of plaintiff's Complaint.

150.    These defendants deny the allegations in paragraph 150 of plaintiff's Complaint.

## Answer to Count IX

151.    These defendants incorporate herein by reference their responses to paragraphs 1 through 150 of the Complaint as if fully rewritten.

152.    These defendants deny the allegations in paragraph 152 of plaintiff's Complaint.

153.    These defendants deny the allegations in paragraph 153 of plaintiff's Complaint.

## Answer to Count X

154.    These defendants incorporate herein by reference their responses to paragraphs 1 through 153 of the Complaint as if fully rewritten.

155.    These defendants deny the allegations in paragraph 155 of plaintiff's Complaint.

156.    These defendants deny the allegations in paragraph 156 of plaintiff's Complaint.

157.    These defendants deny the allegations in paragraph 157 of plaintiff's Complaint.

## Answer to County XI

158.    These defendants incorporate herein by reference their responses to paragraphs 1 through 157 of the Complaint as if fully rewritten.

159.    These defendants deny the allegations in paragraph 159 of plaintiff's Complaint.

## Answer to Count XII

160.    These defendants deny the allegations in paragraph 160 of plaintiff's Complaint.

161.    These defendants deny the allegations in paragraph 161 of plaintiff's Complaint.

162.    These defendants deny the allegations in paragraph 162 of plaintiff's Complaint.

163.    These defendants deny the allegations in paragraph 163 of plaintiff's Complaint.

164.    These defendants deny the allegations in paragraph 164 of plaintiff's Complaint.

165.    These defendants deny the allegations in paragraph 165 of plaintiff's Complaint.

166.    Further answering, these defendants deny each and every allegation in plaintiff's Complaint save such as are herein specifically admitted to be true.

## SECOND DEFENSE

167.    For their second and further defense herein, these defendants state that the Complaint of plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

168.    For their third and further defense herein, these defendants incorporate their responses as above set forth and further state that they are entitled to all the immunities, defenses, limitations on damages and setoffs contained within Chapter 2744 of the Ohio Revised Code and within the Workers' Compensation statutes of the State of Ohio.

## FOURTH DEFENSE

169.    For their fourth and further defense herein, these defendants incorporate their responses as above set forth and further state that all or part of plaintiff's claims

are barred by the applicable statute of limitations, collateral estoppel, res judicata, issue preclusion, claim preclusion, waiver, estoppel, failure of consideration, and/or laches.

## FIFTH DEFENSE

170.   For their fifth and further defense herein, these defendants incorporate their responses as above set forth and further state that they are entitled to all the defenses and caps on damages contained within Title VII and the ADEA.

## SIXTH DEFENSE

171.   For their sixth and further defense herein, these defendants incorporate their responses as above set forth and further state that plaintiff has failed  to exhaust her administrative remedies and has failed to comply with the requirements of Title VII of the Civil Rights Act of 1964, as amended, prior to bringing suit.  As a result, plaintiff's claims against these defendants are barred.

## SEVENTH DEFENSE

172.   For their seventh and further defense herein, these defendants incorporate their responses as above set forth and further state that plaintiff has failed to bring suit within the statute of limitations and  is thereby barred from any recovery in this action.

## EIGHTH DEFENSE

173.   For their eighth and further defense herein, these defendants incorporate their responses as above set forth and further state that plaintiff has failed to mitigate her damages.

## NINTH DEFENSE

174.   For their ninth and further defense herein, these defendants incorporate their responses as above set forth and further state they are entitled to absolute or qualified immunity with respect to the claims set forth in plaintiff's Complaint.

## TENTH DEFENSE

175.   For their tenth and further defense herein, these defendants incorporate their responses as above set forth and further state if plaintiff suffered damages as alleged in the Complaint, which is specifically denied, such damages were proximately caused or contributed to by plaintiff's own negligence, intentional acts, assumption of the risk, and/or the intervening actions of some third party over which these defendants had no control thereby barring plaintiff from any recovery against these defendants.

## ELEVENTH DEFENSE

176.   For their eleventh and further defense herein, these defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counter-claims, cross claims and third party claims which become available or apparent during the course of discovery or trial, and they hereby reserve the right to amend this Answer to assert such defenses.

## TWELFTH DEFENSE

177.   For their twelfth and further defense herein,  these defendants incorporate their responses as above set forth and further state that they are immune from the imposition of punitive damages pursuant to both state and federal law.

## THIRTEENTH DEFENSE

178.   For their thirteenth and further defense herein,  these defendants incorporate their responses as above set forth and further state that they exercised reasonable care to prevent and correct any harassing or discriminatory behavior and

plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to avoid harm otherwise.

## FOURTEENTH DEFENSE

179.   For their fourteenth and further defense herein,  these defendants incorporate their responses as above set forth and further state that at all times pertinent they acted reasonably, in good faith, and totally without actual or implied malice and upon the advice of counsel.

## FIFTEENTH DEFENSE

180.   For their fifteenth and further defense herein,  these defendants incorporate their responses as above set forth and further state that at all times pertinent they had legitimate, non-discriminatory reasons for any actions which were taken with respect to plaintiff.

## SIXTEENTH DEFENSE

181.   For their sixteenth and further defense herein,  these defendants incorporate their responses as above set forth and further that this Court lacks subject matter jurisdiction over all or some of the claims set forth in the Complaint because these defendants did not deprive plaintiff of any constitutional rights and further because these defendants are protected by the Tenth and Eleventh Amendments of the United States Constitution with respect to the claims set forth in plaintiff's complaint.

WHEREFORE, having fully answered, defendants, Hamilton County Park District, Board of Park Commissioners of the Hamilton County Park District, Steve Newsom, Chief, Hamilton County Park District Police, Richard Spreckelmeier, Captain,

Hamilton County Park District Police, Jack Sutton, Director, Hamilton County Park

District, Nancy Montague, Administrative Director, Hamilton County Park District, and

Gary Hoffman, former Captain, Hamilton County Park District Police pray that the

Complaint of plaintiff be dismissed at her costs and that she take nothing thereby.

**s/Lawrence E. Barbiere**

Lawrence E. Barbiere
Ohio Bar Number: 0027106
***Attorney for Defendants, Hamilton County Park
District, Board of Park Commissioners of the
Hamilton County Park District Steve Newsom,
Chief, Hamilton County Park District Police,
Richard Spreckelmeier, Captain, Hamilton
County Park District Police, Jack Sutton,
Director, Hamilton County Park District, Nancy
Montague, Administrative Director, Hamilton
County Park District, and Gary Hoffman,
former Captain, Hamilton County Park District
Police***
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, OH  45249
(513) 583-4200
(513) 583-4203 (fax)
Email:  lbarbiere@smbplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **March 14th , 2008,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:   David E. Hardin, Esq., ***Attorney for Plaintiff,*** Hardin, Lefton, Lazarus & Marks, LLC.

**s/ Lawrence E. Barbiere**

Lawrence E. Barbiere
